TO BE A TRUE AND EXACT COPY OF THE ORIGINAL.

```
            CASE 08-C-219              OHIO

SHANNON M. TUSTIN              vs. MOTORIST MUTUAL INSURANCE CO


LINE    DATE     ACTION

   1  05/27/08   CASE FILED,MEMO,SUMMONS ID 5/27/08 BY CM
   2  06/04/08   R/S CM CARD TO MOTORIST MUTUAL INSURANCE CO SIGNED BY HARRY
   3             PATTERSON 6/2/08
```

CERTIFIED
TO BE A TRUE AND EXACT
COPY OF THE ORIGINAL

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

SHANNON M. TUSTIN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 08-C-219

MOTORISTS MUTUAL INSURANCE COMPANY

    Defendant.

## COMPLAINT

For her complaint against the defendant, Motorists Mutual Insurance Company, the plaintiff, Shannon M. Tustin, by her counsel Anthony I. Werner, Esq., states the following:

1. Plaintiff, Shannon M. Tustin, is a resident and citizen of Ohio County, West Virginia.

2. Defendant, Motorists Mutual Insurance Company (hereinafter "Motorists"), is and has been at all times material and relevant to this action, a corporation organized and existing under the laws of the State of Ohio and is licensed to issue and does issue motor vehicle insurance policies and/or motor vehicle insurance contracts in the State of West Virginia.

3. Motorists issued to plaintiff a motor vehicle insurance policy (hereinafter "Motorists' policy"), identified as policy number 0191-06-717056-05A, which provided underinsured motorist coverage in the amount of $100,000 per person, $300,000 per accident.

4. Motorists' policy was in full force and effect July 11, 2006, encompassing the occurrence of the hereinafter described motor vehicle crash.

5. On or about July 11, 2006, a motor vehicle collision (hereinafter "the crash") occurred on or about Route 40 in or near Valley Grove, Ohio County, West Virginia, involving a motor vehicle owned and operated by West Virginia citizen, Terry L. Williamson, and a motor vehicle owned and operated by plaintiff, Shannon M. Tustin.

6. The crash occurred as a result of the sole fault of Terry L. Williamson (hereinafter "the tortfeasor").

7. Plaintiff committed no fault which caused or contributed to the crash.

8. As a direct and proximate result of the crash, plaintiff sustained and/or incurred bodily injuries, both physical and emotional, past and future health care and other expenses, lost earnings and earning capacity, a loss of enjoyment of life, and other damages, and it appears as though some or all of her injuries are permanent.

9. At the time of the crash the tortfeasor was insured under a motor vehicle policy of liability insurance issued by Nationwide Mutual Insurance Company, identified as policy number 92 47 N 203796, with applicable policy limits of $50,000.

10. Nationwide acknowledged that its insured, the tortfeasor, was liable for causing the crash, and likewise acknowledged that the damages proximately caused by the crash warranted the offer of its entire policy limits of $50,000.

11. Nationwide offered its policy limits to plaintiff in return for a release benefitting its insured, the tortfeasor.

12. By letter dated May 7, 2007, to plaintiff's counsel, Motorists confirmed its determination that the tortfeasor was solely responsible for the crash.

13. Plaintiff properly provided Motorists with notice pursuant to West Virginia Code §33-6-31e and requested that Motorists waive all claims of subrogation against the tortfeasor.

14. By letter dated June 7, 2007 to plaintiff's counsel, and in response to plaintiff's notice and request, Motorists notified plaintiff that it waived all rights to subrogation and consented to the settlement with the tortfeasor for Nationwide's policy limits.

15. With due consideration of both liability and damages proximately resulting from the crash, plaintiff's claim associated with the crash exceeds $150,000 in monetary value.

16. Plaintiff has formally and appropriately asked Motorists to pay her the applicable limit of the underinsured motorists bodily injury coverage applicable to the Motorists' policy.

17. Plaintiff is entitled to be paid the $100,000 underinsured motorist bodily injury coverage applicable to Motorists' policy.

18. Plaintiff has provided Motorists with all information it reasonably needs to investigate and evaluate plaintiff's underinsurance claim.

19. Plaintiff has fulfilled all of her obligations under Motorists' policy.

20. Motorists has completed its investigation and evaluation of the plaintiff's claims.

21. By letter to plaintiff's counsel dated May 20, 2008, Motorists rejected plaintiff's demand for underinsurance policy limits, and offered only $20,000 to satisfy the underinsurance claim.

22. Motorists' offer is unreasonable, unlawful, and a breach of its insurance contract with plaintiff.

## Count I

## Breach of Contract

23. The plaintiff incorporates by reference, as set out herein, all allegations contained in Paragraphs 1-22 outlined above.

24. Motorists has failed to honor material terms of its contract of insurance issued to plaintiff, and unjustifiably is in breach of the contract.

25. As a result of Motorists' breach of contract, plaintiff sustained damages for which Motorists is liable, as set forth below.

## Count II

## Breach of the Implied Covenant of
## Good Faith and Fair Dealing

26. The plaintiff incorporates by reference, as set out herein, all allegations contained in Paragraphs 1-25 outlined above.

27. Implied in the policy of insurance issued by Motorists to plaintiff was a covenant which required Motorists to deal fairly and in good faith in relation to plaintiff's claims upon the policy.

28. By refusing to pay plaintiffs the $100,000 underinsured motorist limit, Motorists breached the implied covenant of good faith and fair dealing that is inherent in the insurance contract that it issued to plaintiff.

29. Motorists' breach of the implied covenant of good faith and fair dealing was done with actual malice, fraud or insult.

30. As a direct and proximate result of Motorists' breach of the duty of good faith and fair dealing, plaintiff has sustained such damages as are set forth herein below.

## Count III

## Unfair Claim Settlement Practices

31. The plaintiff incorporates by reference, as set out herein, all allegations contained in Paragraphs 1-30 outlined above.

32. At all times material hereto, Motorists was under a duty to comply with the applicable law and regulations of the State of West Virginia relating to the handling of insurance claims.

33. Motorists disregarded its duties and obligations and acted in an unreasonable and self-serving manner in violation of the applicable law and regulations of the State of West Virginia.

34. Motorists improperly elevated its own interests above those of its insured to the detriment of plaintiff.

35. Motorists violated the laws and regulations of the State of West Virginia in an effort to pay less upon a claim than would be reasonable.

36. Defendant refused to handle plaintiff's claims in a fair and equitable manner.

37. Defendant's violations of the applicable law and regulations of the State of West Virginia have caused plaintiff aggravation, annoyance, inconvenience, frustration, worry, anxiety, loss of use of funds, and have further resulted in her incurring costs and expenses.

38. The actions of the defendant were undertaken in violation of West Virginia Code §33-11-4(9), West Virginia Insurance Regulations, and other laws of the State of West Virginia.

39. In its handling of insurance claims, and in its handling of the plaintiff's claim, defendant committed violations of West Virginia Code §33-11-4(9), West Virginia Insurance Regulations, and the law of the State of West Virginia, with such frequency as to indicate a general business practice.

40. As a direct and proximate result of the defendant's violations of statutory and regulatory law, plaintiff has sustained such damages as are set forth herein below.

## Count IV

## Entitlement to Punitive Damages

41. The plaintiff incorporates by reference, as set out herein, all allegations contained in Paragraphs 1-40 outlined above.

42. Motorists' misconduct in the handling of plaintiff's claim was willful, wanton, malicious and evidenced a reckless indifference to plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

## Damages

43. As a result of Motorists' wrongful conduct as set forth herein, plaintiff is entitled to the following damages:

    (a) Recovery of all damages under the law of contract, including but not limited to the amount of underinsurance coverage under Motorists' policy;

(b) "Substantially prevailing" damages and other damages as identified by the West Virginia Supreme Court of Appeals in <u>Marshall v. Saseen</u>, 192 W.Va. 94, 450 S.E.2d 791 (1994), and like cases;

(c) Legally recognized damages flowing from Motorists' common law and statutory bad faith, as alleged in Counts II and III, including attorneys' fees, costs, expenses, damages for emotional distress, aggravation, and annoyance;

(d) Punitive damages; and

(e) All other damages which are by law recoverable under plaintiff's various causes of action.

**WHEREFORE**, the plaintiff, Shannon M. Tustin, prays for judgment against the defendant, Motorists Mutual Insurance Company, in an amount within the jurisdiction of this Court, reflecting full compensation for all of her injuries and damages, punitive damages, and for whatever other relief as would be appropriate under applicable law.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ELIGIBLE ISSUES.**

_____
Of Counsel for Plaintiff

**ANTHONY I. WERNER, ESQ.**
W.Va. State Bar ID #5203
**LESTER C. HESS, JR., ESQ.**
West Virginia Bar ID #1695
BACHMANN, HESS, BACHMANN & GARDEN, P.L.L.C.
1226 Chapline Street
P. O. Box 351
Wheeling, WV 26003
Telephone: (304) 233-3511
Fax: (304) 233-3199

7

2008 JUN 4 AM 11 40
BRENDA L. MILLER

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Harv. K___  ☑ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Harry Pattay    6-2-08<br>D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>MOTORIST MUTUAL INSURANCE COMPANY<br>471 EAST BROAD STREET<br>COLUMBUS, OH 43215 | JUN 02 2008 |
| 08-C-219 | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 2680 0001 0975 2783 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

PC

2-3

LAW OFFICES
# BACHMANN, HESS, BACHMANN & GARDEN, P.L.L.C.

1226 CHAPLINE STREET
P.O. BOX 351
WHEELING, WEST VIRGINIA 26003-0046

(304) 233-3511

TELEFAX (304) 233-3199

GILBERT S. BACHMANN
LESTER C. HESS, JR.
JOHN L. ALLEN
PAUL T. TUCKER
JEFFREY R. MILLER
ANTHONY I. WERNER
JEFFREY A. GROVE
DAVID L. DELK, JR.*

*ALSO ADMITTED IN OHIO

CARL G. BACHMANN (1890-1980)
LESTER C. HESS (1903-1971)
JOHN B. GARDEN (1925-1994)

May 27, 2008

Brenda L. Miller, Clerk
Ohio County Circuit Court
Ohio County Courthouse
1500 Chapline Street
Wheeling, WV 26003

Re:   **Shannon Tustin v. Motorists Mutual Insurance Company**

Dear Ms. Miller:

Please find enclosed for filing the original and two (2) copies of the following:

1. Civil Case Information Sheet; and

2. Complaint.

Also enclosed is a check in the amount of $195 to cover filing fees and service of said documents via certified mail upon the defendant. Please return a time-stamped copy of all documents to me.

Thank you.

Yours very truly,

Anthony I. Werner

AIW/lck
Enclosures
cc:   Shannon Tustin

# SUMMONS
## CIRCUIT COURT OF **OHIO** COUNTY, WEST VIRGINIA

**SHANNON M. TUSTIN**
        **PLAINTIFF,**
VS.                                  CIVIL ACTION NO.**08-C-219**
                                        JUDGE: MARTIN J. GAUGHAN
**MOTORIST MUTUAL INSURANCE COMPANY**
        **DEFENDANT**.

**To the above named Defendant:**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon ANTHONY I. WERNER AND LESTER C. HESS, JR., plaintiff's attorney's, whose address is BACHMANN HESS BACHMANN & GARDEN, PLLC, 1226 CHAPLINE ST, PO BOX 351, WHEELING, WV 26003, an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                                                          BRENDA L. MILLER
                                                          CLERK OF COURT

Dated: May 27, 2008

                                                          BY: DEPUTY CLERK

*Please Serve:*
*MOTORIST MUTUAL INSURANCE COMPANY*
*471 EAST BROAD STREET*
*COLUMBUS, OH 43215*

d:\corel\boiler\civsum.wpd

| PLAINTIFF: Shannon M. Tustin | CASE NUMBER: |
|---|---|
| DEFENDANT: Motorists Mutual Insurance Company | |

## II. TYPE OF CASE:

| TORTS | | OTHER CIVIL | |
|---|---|---|---|
| __ Asbestos | __ Adoption | __ Appeal from Magistrate Court |
| __ Professional Malpractice | _X_ Contract | __ Petition for Modification of Magistrate Sentence |
| __ Personal Injury | __ Real Property | __ Miscellaneous |
| __ Product Liability | __ Mental Health | _X_ Other |
| __ Other Tort | __ Appeal of Administrative Agency | |

## III. JURY DEMAND:     _X_ Yes     __ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR):    4/2009

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?    __ YES    _X_ NO
IF YES, PLEASE SPECIFY:

__ Wheelchair accessible hearing room and other facilities.
__ Interpreter or other auxiliary aid for the hearing impaired.
__ Reader or other auxiliary aid for the visually impaired.
__ Spokesperson or other auxiliary aid for the speech impaired.
__ Other: _____

Attorney Name: Anthony I. Werner, Esquire
              Lester C. Hess, Jr., Esquire
Firm Name: Bachmann, Hess, Bachmann
           & Garden, P.L.L.C.
Address: Post Office Box 351
         Wheeling, WV 26003-0046
Telephone: (304) 233-3511

Representing:

_X_ Plaintiff  ___Defendant

___Cross-Complainant

___Cross-Defendant

Dated: 05/27/08

Signature

__ Pro Se

# CIVIL CASE INFORMATION STATEMENT

CIVIL CASES

2008 MAY 27 PM 3 29

In the Circuit Court of Ohio County, West Virginia

BRENDA L. MILLER

---

**I. CASE STYLE:**

Plaintiff(s)                                   Case # 08-C-219

Shannon M. Tustin                              Judge Gaughan

R.R. #2, Box 117

Valley Grove, WV 26060

vs.

Defendant(s)                           Days to
                                       Answer     Type of Service

Motorists Mutual Insurance Company
(As Underinsured Motorist Carrier)

471 East Broad Street
        Street
Columbus, OH 43215                       30       Certified Mail
        City, State, Zip                          Delivery restricted to
                                                  Addressee

_____
        Street

_____
        City, State, Zip

_____
        Street

_____
        City, State, Zip

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com
OFFICIAL USE
Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
5/27/08
Postmark Here

7007 2680 0001 0975 2783

MOTORIST MUTUAL INSURANCE COMPANY
471 EAST BROAD STREET
COLUMBUS, OH 43215

PS Form 3800, August 2006       See Reverse for Instructions

Original and __2__ copies