IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANNON M. TUSTIN,

    Plaintiff,

v.                                    Civil Action No. 5:08CV111
                                                    (STAMP)
MOTORISTS MUTUAL INSURANCE
COMPANY,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**DENYING AS FRAMED DEFENDANT'S MOTION TO BIFURCATE**
**AND STAY DISCOVERY OF BAD FAITH CLAIMS AND**
**GRANTING PLAINTIFF'S MOTION TO STRIKE "ANSWER TO**
**PLAINTIFF'S COMPLAINT IN THE NAME OF TERRY L. WILLIAMSON"**

I.  Facts and Procedural History

This action involves a first-party insurance dispute between plaintiff Shannon M. Tustin ("Tustin"), who is a citizen of West Virginia, and defendant Motorists Mutual Insurance Company ("Motorists"), an Ohio corporation. On or about July 11, 2006, the plaintiff sustained bodily injuries when the motor vehicle she was driving was struck by another motor vehicle owned and operated by Terry L. Williamson ("Williamson"). Williamson's insurance carrier, Nationwide Mutual Insurance Company ("Nationwide"), acknowledged that Williamson was liable for the causing the collision and agreed to pay out the entire amount of Williamson's policy limits, $50,000.00.[1] Motorists, the plaintiff's under-insured insurance carrier, confirmed its determination that

---

[1] Neither Williamson nor Nationwide is a party to this action.

Williamson was solely responsible for causing the accident. Motorists then notified the plaintiff that it waived all rights to subrogation and consented to the settlement with Williamson for Nationwide's policy limits. Thereafter, Tustin sought payment of $100,000.00 from Motorists for the full amount of her underinsured motorists policy coverage. After investigating and evaluating Tustin's claims, Motorists offered $20,000.00 to satisfy Tustin's insurance claims. This action followed.

Tustin filed a four-count suit in the Circuit Court of Ohio County, West Virginia. Count I is a claim for breach of contract. Count II alleges breach of the implied covenant of good faith and fair dealing. Count III alleges unfair claims settlement practices in violation of the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-4(9). Count IV is a claim for punitive damages.

Motorists timely removed the case to this Court on the grounds that diversity of citizenship exists and the amount in controversy exceeds $75,000.00. On the same date as it filed a notice of removal, Motorists filed two answers to the complaint--one in its own name, and one in the name of Terry L. Williamson, the tortfeasor.

Two motions are currently pending before this Court. The first is Motorists' motion to bifurcate and stay discovery on the plaintiff's bad faith claims. Tustin has responded in opposition to this motion, and Motorists has filed a reply. The second is

Tustin's motion to strike Motorists' answer in the name of Terry L. Williamson, to which Motorists has filed a response and Tustin has filed a reply. These motions have been fully briefed and are now ripe for review. For the reasons that follow, this Court will deny as framed Motorists' motion to bifurcate and stay discovery and will grant Tustin's motion to strike Motorists' answer in the name of Terry L. Williamson.

II. Discussion

A. Motion to Bifurcate and Stay Discovery

Federal Rule of Civil Procedure 42(b) states in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b). It is within a court's discretion to determine whether bifurcation is appropriate under Rule 42(b). Light v. Allstate Ins. Co., 182 F.R.D. 210, 212 (S.D. W. Va. 1998).

Because Motorists seeks to bifurcate the personal injury claims from the bad faith claims for purposes of both trial and discovery, this Court will address trial bifurcation separately from discovery bifurcation.

1. <u>Trial</u>

This Court finds that the issue of bifurcation for trial purposes is prematurely raised in this particular action. Motorists argues that bifurcation of the first-party bad faith claims is necessary to avoid prejudice to it and to serve the interests of judicial economy. Motorists contends that it would be prejudiced if the matter proceeds to a unitary trial, because the elements of bad faith will be presented to a jury at the same time that the jury is asked to decide the plaintiff's entitlement to damages based on the underlying personal injury claims. Motorists also asserts that the underlying tort issues should be decided first because resolution of the extent of damages could make it unnecessary for the Court and the parties to continue litigating the bad faith claims. Therefore, Motorists argues, bifurcation will serve the interests of judicial economy and efficiency.

Tustin believes that a unitary trial will better serve judicial efficiency and party convenience and will avoid substantial prejudice to her. Tustin argues that the witnesses and evidence presented will be essentially the same for all claims. A unitary trial would, in Tustin's view, avoid unnecessary duplication of testimony and evidentiary presentation. Tustin also argues that bifurcation result in prejudicial harm to her by delaying proceedings, increasing costs, and duplicating efforts.

Upon review, this Court finds that under the facts of this case, it is premature to determine the appropriateness or inappropriateness of bifurcating the issues for trial. Accordingly, to the extent that Motorists' motion seeks to bifurcate the personal injury issues from the bad faith claims for trial, this Court will deny the motion without prejudice, subject to refiling after completion of discovery.

2. <u>Discovery</u>

Under the facts of this action, this Court finds that the parties should proceed with unitary discovery. The Supreme Court of Appeals of West Virginia has held that "trial courts have discretion in determining whether to stay discovery in a first-party bad faith claim against an insurer that has been bifurcated and stayed." <u>Light</u>, 506 S.E.2d 64,72 (1998). The court further explained:

> Factors trial courts should consider in determining whether to stay discovery when bifurcation has been ordered in a bad faith action include: (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery. The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue.

<u>Id.</u>

Having left open the question of whether to hold a bifurcated trial on Tustin's claims, this Court believes it appropriate to

address discovery bifurcation in light of the above-state factors. After considering these factors, this Court finds that a stay of discovery on the bad faith claims is not warranted in this action. Only two parties are involved in the case, and the issues do not appear to be complex. Further, as the insured, Tustin is likely to be unduly prejudiced by the delay and costs involved if she is unable to proceed with discovery on her claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claims settlement practices against Motorists while Motorists is permitted to conduct discovery on the personal injury allegations that serve as the predicate for the claims Tustin has brought against Motorists. Finally, proceeding with discovery on all issues in this case is less likely to impose a burden on this Court than would bifurcating and staying discovery on the bad faith claims because of the significant overlap of the evidence and witnesses related to Tustin's personal injury allegations and her contract and bad faith claims. In light of these considerations, this Court believes that a bifurcation and stay of discovery on the bad faith claims is unwarranted. Accordingly, to the extent that Motorists' motion to bifurcate applies to discovery, it will be denied.

B.  <u>Motion to Strike Answer in the Name of Terry L. Williamson</u>

Tustin's motion to strike Motorists' answer in the name of Terry L. Williamson must be granted. Motorists contends that under

West Virginia Code § 33-6-31(d), it has the right to elect whether to defend this action in its own name as the carrier of the underinsured motorist carrier or on the name of Terry L. Williamson as the underinsured tortfeasor.  Tustin, by contrast, argues that the statutory right to elect applies only in cases where the plaintiff files an action against the tortfeasor and that § 33-6-31(d) has no applicability to this action because Tustin has sued Motorists directly and because Motorists forfeited its right to defend in Williamson's name when it consented to the settlement offered to Tustin by Williamson's carrier, Nationwide, and waived its subrogation rights.

West Virginia Code § 33-6-31(d) provides in relevant part:

> Any insured intending to rely on the coverage required by subsection (b) of this section [relating to uninsured/underinsured motorist coverage] shall, if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle, cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of the uninsured or underinsured motor vehicle or in its own name.

W. Va. Code § 33-6-31(d).

According to the West Virginia Supreme Court of Appeals, the purpose of this section of the code is to ensure that the carrier of the uninsured/underinsured motorist coverage has the opportunity to defend a suit brought by its insured against an uninsured or

underinsured tortfeasor because the carrier will be responsible for all or part of the judgment. See Postlethwait v. Boston Old Colony Ins. Co., 432 S.E.2d 802, 805 (1993). Section 33-6-31(d) is applicable only when the plaintiff sues the uninsured/underinsured tortfeasor. Id. It does not apply to actions in which the plaintiff has settled with the tortfeasor, and the plaintiff's insurance carrier has waived its right to subrogation. Id. Indeed, the West Virginia Supreme Court of Appeals pointedly noted in Postlethwait v. Boston Old Colony Ins. Co. that § 33-6-31(d) "deals only with the situation where the plaintiff has sued the uninsured/underinsured tortfeasor." Id. See also Sanders v. State Farm Ins. Co., 2007 WL 2740657 (S.D. W. Va. Sept. 18, 2007) (unpublished); Beane v. Horace Mann Ins. Co., 2007 WL 1009916 (S.D. W. Va. Mar 30, 2007).

Here, Tustin settled her claims against Williamson, the tortfeasor. Motorists consented to that settlement and agreed to waive its subrogation rights. Tustin has filed the present suit directly against Motorists. She has initiated no action against Williamson. Accordingly, § 33-6-31(d) has no application to this case, and Motorists' right to elect to defend the suit in Williamson's name is unavailable.

Motorists relies on Tilley v. Allstate Ins. Co., 40 F. Supp. 2d 809 (S.D. W. Va. 1999), and Smith v. Westfield Ins. Co., 932 F. Supp. 770 (S.D. W. Va. 1996), two opinions issued by the United

States District Court for the Southern District of West Virginia, for the proposition that because settlement does not involve a judicial finding of liability by the tortfeasor, an uninsured/underinsured motorists insurance carrier retains the right under § 33-6-31(d) to elect to defend the action in the tortfeasor's name. Such reliance is misplaced. Those decisions were based upon Dowler v. Reed, No. 21960, slip. op. (W. Va. Dec. 10, 1993) (per curium), an unpublished opinion by the West Virginia Supreme Court of Appeals. The West Virginia Supreme Court of Appeals has held that its unpublished opinions "are of no precedential value and for this reason may be cited in any court of this state as precedent or authority, except to support a claim of res judicata, collateral estoppel, or law of the case." Pugh v. Workers' Comp. Comm'r., 424 S.E.2d 759, syl. pt. 3 (1992). Accordingly, this Court does not consider Smith, Tilley, or Dowler, and instead relies upon the holding and rationale of Postlethwait to find that Motorists--having consented to Tustin's settlement with Nationwide for Williamson's liability limits under his insurance and having waived its rights of subrogation--may not now elect to defend this suit in Williamson's name. See Postlethwait, 432 S.E.2d at 805.

Thus, in light of the foregoing, this Court concludes that Tustin's motion to strike Motorists' answer in the name of Terry L. Williamson must be granted.

III. <u>Conclusion</u>

For the reasons stated above, the defendant's motion to bifurcate and stay the bad faith claims is hereby DENIED AS FRAMED. Specifically, the motion is denied insofar as it seeks to bifurcate and stay discovery, and it is denied without prejudice to refiling after discovery insofar as it seeks to bifurcate for trial purposes the issues relating to personal injury from the bad faith claims. The plaintiff's motion to strike Motorists' answer to plaintiff's complaint in the name of Terry L. Williamson is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   December 22, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE