IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SHANNON M. TUSTIN,

        Plaintiff,

v.                                          Civil Action: 5:08-CV-111
                                          (Senior Judge Stamp)

MOTORISTS MUTUAL INSURANCE
COMPANY,

        Defendant.

## MEMORANDUM, OPINION, AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

On August 19, 2009, came the above named Plaintiff, by Anthony I. Werner and Lester

C. Hess, Jr. and the above named Defendant, by Jason P. Pockl and Thomas E. Buck for an

evidentiary hearing and argument on Plaintiff Shannon M. Tustin's Motion to Determine the

Sufficiency of Defendant's Responses to Requests for Admission and to Compel Answers to

Interrogatories.[1]  Testimony was not taken, and no other evidence was introduced.

## I.  INTRODUCTION

A.     <u>Background</u>

Motorists Mutual Insurance Company, (hereinafter "Motorists"), issued to Plaintiff a

motor vehicle insurance policy which provided underinsured motorist coverage in the amount of

$100,000 per person, $300,000 per accident.  This policy was in full force and effect on July 11,

2006.  On or about that day, a collision occurred involving a motor vehicle owned and operated

by Terry L. Williamson and a motor vehicle owned and operated by Plaintiff.  Plaintiff alleges

---

[1] Doc. No. 97

1

that the collision is solely the fault of Mr. Williamson. Mr. Williamson was insured by Nationwide Mutual Insurance Company at the time of the collision. Nationwide acknowledged that Mr. Williamson was liable for causing the collision and offered its policy limits of $50,000. Motorists also confirmed that Mr. Williamson was solely responsible for the collision. Plaintiff alleges her claim associated with the collision exceeds $150,000 in monetary value. Plaintiff believes she is entitled to be paid $100,000 underinsured motorist bodily injury coverage applicable to Motorists' policy. Motorists rejected this demand and offered $20,000 to settle the underinsurance claim. In May 2008, Plaintiff filed suit in the Circuit Court of Ohio County alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claim settlement practices. The case was removed to this Court under the Court's diversity jurisdiction. Defendant responded with its Answer.

The parties engaged in discovery and a dispute arose.

B.      The Motion

Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admission and to Compel Answers to Interrogatories[2]

C.      Decision

Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admission are addressed in chronological order. Plaintiff's Motion to Compel Answers to Interrogatories is **GRANTED**.

## II. FACTS

1.      On June 9, 2009, Plaintiff served her Requests for Admission and Associated

---

[2] Doc. No. 97

Interrogatories upon the Defendant.

2.      On July 9, 2009, Defendant served its Answers to Plaintiff's Requests for Admission and Associated Interrogatories upon the Plaintiff.

3.      On July 22, 2009, counsel for Defendant sent a letter to counsel for Plaintiff informing Plaintiff's counsel that he would be out of town August 3, 2009, and unavailable for depositions.[3]

4.      Counsel for Plaintiff faxed a letter on July 29, 2009, to counsel for Defendant requesting supplementation of Defendant's responses to the Requests for Admission and Interrogatories.[4]

5.      Plaintiff followed up letter with a phone call to Defendant on July 31, 2009. The phone call was not returned.

6.      On July 31, 2009, counsel for Defendant faxed a letter to counsel for Plaintiff again informing counsel he "would be out of town the end of this week and the beginning of next week."[5]

7.      Subsequently, Plaintiff filed this Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admission and to Compel Answers to Interrogatories.[6]

### III.  PLAINTIFF'S MOTION TO COMPEL

A.      <u>Contentions of the Parties</u>

---

[3] Doc. No. 101, Ex. B.

[4] Doc. No. 97, Ex. B.

[5] Doc. No. 101, Ex. A.

[6] Doc. No. 97.

Plaintiff contends that she has attempted to confer with Defendant in an effort to secure responses complying with the Rules of this Court. Plaintiff contends that the great majority of Defendant's responses were evasive and its objections were unfounded. Specifically, Plaintiff cites Fed. R. Civ. P 36(a)(6), which allows a party submitting a request for admission to "move to determine the sufficiency of an answer or objection," and L.R. Civ. P. 37.02, which provides that "...an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Plaintiff then outlines each individual Request for Admission and Interrogatory she believes Defendant's response thereto is insufficient. The Court will address each Request for Production and Interrogatory separately below.

Defendant contends that Plaintiff violated Fed. R. Civ. P. 37 by failing to attempt in good faith to confer with Defendant. Specifically, Defendant states that counsel engaged in numerous telephone conversations, and Plaintiff failed to mention the insufficiency of the responses. Additionally, Defendant contends it has properly responded and objected to discovery. Defendant then outlines, in an itemized fashion, its various responses and explains why it believes the responses are sufficient.

B.    Discussion

The Court will address Plaintiff's specific arguments in the order in which they were raised:

Request for Admission No. 1

Plaintiff requests that Defendant admit that each identified attached document is a true, accurate and authentic copy of the original. Defendant objects stating it is not in possession of the original documents, has never viewed the originals, and is not the records custodian and

4

qualifies its answer stating "to the extent that the documents referenced above appear to be copies of the same documents received by the defendant during discovery, this defendant admits the same." Plaintiff argues that Request No. 1 identifies healthcare records and bills that have either been voluntarily provided by Plaintiff to Defendant or which Defendant has obtained on its own through authorizations provided long ago by Plaintiff to Defendant. Defendant argues that it has clearly admitted the exhibits appear to be accurate copies, and if Plaintiff's purpose is to eliminate technical objections to the exhibits, then the response is complete and accurate. Defendant also argues that it is impossible to further admit the authenticity because Defendant is not in possession of the originals and cannot complete a page by page comparison.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." "A request to admit is to be answered by its admission or denial, absent a statement that the party has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). An answering party must conduct a reasonable inquiry and answer a request for admission if the information is readily obtainable, even though the answering party has no personal knowledge of the facts. Drutis v. Rand McNally & Co., 236 F.R.D. 325, 330 (E.D. Ky. 2006).

Defendant objects to the Request, stating that it was not in possession of the originals; however, it admits "to the extent that the documents referenced above appear to be copies of the

same documents received by the defendant during discovery." The Court first notes there is no authority for objecting on the grounds that the responding party is not in possession of the originals. Through its answer, Defendant essentially is qualifying its answer; however, it did so improperly. The Rule requires the party to specify the part admitted and qualify or deny the rest. Defendant simply made a blanket statement qualifying all the documents to the extent they appear to be copies of the same documents it received during discovery. Further, as Plaintiff argues, the records and bills identified were either voluntarily provided by Plaintiff to Defendant or obtained by Defendant; therefore, Defendant should have made a good faith inquiry into the authenticity of the documents. The response did not comply with Fed. R. Civ. P 36. Ordered that each identified attached document is a true, accurate and authentic copy of the original. Admitted per Fed. R. Civ. P. 36(a)(6).

Request for Admission No. 2

Plaintiff requests that Defendant admit that all documents identified in Request No. 1 were made, kept, and maintained in the ordinary course of business. Defendant objects stating that it has not viewed the record keeping policy of the institutions, has not interviewed or deposed the records custodian, and has not had the opportunity to view the original documents. Defendant then admits the Request "based upon the information available at this time." Plaintiff argues that Defendant's response to Request No. 2 overlooks the fact that counsel for Defendants deposed healthcare providers under oath and either inspected or had the opportunity to inspect the record. Defendant argues that, in the fundamental portion of its response, it admitted to the accuracy of the billing records.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically

deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  "A request to admit is to be answered by its admission or denial, absent a statement that the party has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D. 76, 79 (W.D.N.Y. 2000).  An answering party must conduct a reasonable inquiry and answer a request for admission if the information is readily obtainable, even though the answering party has no personal knowledge of the facts.  Drutis v. Rand McNally & Co., 236 F.R.D. 325, 330 (E.D. Ky. 2006).

Defendant objects to the Request, stating it has not viewed the record keeping policy, interviewed or deposed the records custodian, or viewed the original documents; however, it admits "based upon information available at this time."  The Court first notes that there is no authority for objecting on the grounds that the responding party has not viewed the record keeping policy, interviewed the custodian, or viewed the original documents.  Through its answer, Defendant is essentially qualifying its answer; however, it did so improperly.  The Rule requires the party to specify the part admitted and qualify or deny the rest.  Defendant did not do so.  Further, Defendant did depose the healthcare providers under oath and had the opportunity to inspect the records.  The response did not comply with Fed. R. Civ. P. 36.  Ordered that each document in Request No. 1 was made, kept and maintained in the ordinary course of business. Admitted per Fed. R. Civ. P. 36(a)(6).

<u>Request for Admission No. 3</u>

Plaintiff requests that Defendant admit the healthcare evaluations and care identified in Request No. 1 were reasonable and necessary. Defendant objects stating the Request was overly broad and vague as reasonable and necessary were not defined, the Request was not limited to the subject motor vehicle accident, and Defendant cannot render an opinion as to the reasonableness and necessity of medical treatment because Defendant is not a doctor. Defendant qualified its answer by admitting the "treatment was reasonable and necessary from the perspective of the medical care providers who provided the services." Plaintiff argues that Defendant objected because it believed the terms "reasonable" and "necessary" were too vague despite West Virginia Code § 7-5-4j. Defendant contends that it admitted the treatment was reasonable and necessary but qualified the admission from the perspective of the medical care provider who provided the services. Further, Defendant contends that it admitted the healthcare was reasonable and necessary but denied it was necessary as a result of the accident.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer m specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." "A broad objection that the request 'was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." Wagner et al v. St. Paul Fire and Marine Insurance Company et al, 5:05-CV-117.[7]

Defendant objected on the grounds that the Request was "overly broad and vague as 'reasonable' and 'necessary' are not defined." The Court finds that Defendant's objection was unreasonable because it is in direct contradiction of established legal authority. Further,

_____

[7] Doc. No. 48, P. 10 (citing Joseph v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

Defendant admitted the "treatment was reasonable and necessary from the perspective of the medical care providers who provided the services," denied "all care was necessary due to the subject accident," and stated "the defendant is not a medical provider or doctor and cannot be expected to render an opinion regarding the reasonableness and necessity of any medical treatment. Therefore, the defendant is unable to admit or deny this request." This essentially amounts to a qualified answer. As stated in the Rule, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Defendant failed to specify which healthcare evaluations were reasonable and necessary. The response did not comply with Fed. R. Civ. P. 36. Ordered that the healthcare evaluations and care identified in Request No. 1 were reasonable and necessary. Admitted per Fed. R. Civ. P. 36(a)(6).

Request for Admission No. 4

Plaintiff requests that Defendant admit that all healthcare evaluations and care identified in Request No. 1 occurred as a proximate result of the subject motor vehicle accident. Defendant objects stating that Defendant is "not a medical provider or doctor and cannot be expected to render an opinion regarding the causation of injuries and the relationship of medical treatment." Despite the objection, Defendant denied the Request because based on the "report of Dr. Jack P. Failla, it is the belief that the plaintiff's alleged injuries associated with this subject accident, if any, have resolved and that some of the plaintiff's treatment is for residual complaints remaining from and associated with her prior health problems." Plaintiff contends that it is entitled to a straight-forward answer to the Request. Defendant asserts that it has clearly denied the request.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically

deny it or state in detail why the answering party cannot truthfully admit or deny it." Further, Rule 36(a) states that when a party denies a request for admission, the "denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." "It is expected that denials will be forthright, specific, and unconditional; and if it is not, it will be treated as an admission." U.S. v. Am. Tel. & Tel. Co., 83 F.R.D. 323, 333 (D. D.C. 1979). "Thus, a denial of the accuracy of a statement contained in a request for admissions or a 'denial coupled with a general exception of doubtful import,' may not constitute a denial of the 'essential truth' contained therein and may thereby amount to an admission." Havenfield Corp. v. H & R Clock, Inc., 67 F.R.D. 93, 98 (W.D. Mo. 1973) (quoting S. Ry. v. Crosby, 201 F.2d 878, 880 (4th Cir. 1953).

The Court disagrees with Defendant's assertion that it has clearly denied the Request. Defendant responded that "some of the plaintiff's treatment is for residual complaints remaining from and associated with her prior health problems;" however, Defendant did not specify which healthcare evaluations identified in Request No. 1 pertained to prior health problems. Defendant's answer was not a forthright, specific, and unconditional denial. The response did not comply with Fed. R. Civ. P. 36. Ordered that all healthcare evaluations and care identified in Request No. 1 were the proximate result of the subject motor vehicle accident. Admitted per Fed. R. Civ. P. 36(a)(6).

<u>Request for Admission No. 5</u>

Plaintiff requests that Defendant admit that all of the healthcare bills identified in Request No. 1 were reasonable and necessary and were incurred as a proximate result of the

subject motor vehicle accident.  Defendant objects stating that Request No. 5 was a compound question and is "overly broad and vague as 'reasonable' and 'necessary' are not defined," and that Defendant "is not a medical provider or doctor and cannot be expected to render an opinion regarding the reasonableness and necessity of any medical treatment, billing, causation or proximate relationship."  In spite of Defendant's objections, Defendant denied the Request based on Dr. Failla's evaluation opining that "some of the plaintiff's treatment is for residual complaints remaining from and associated with her prior health problems.  Plaintiff contends that it is entitled to a straight-forward answer to the Request.  Defendant asserts that it has clearly denied the request.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  "A broad objection that the request 'was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection."  Wagner et al v. St. Paul Fire and Marine Insurance Company et al, 5:05-CV-117.[8] Further, Rule 36(a) states that when a party denies a request for admission, the "denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." "It is expected that denials will be forthright, specific, and unconditional; and if it is not, it will be treated as an admission."  U.S. v. Am. Tel. & Tel. Co., 83 F.R.D. 323, 333 (D. D.C. 1979). "Thus, a denial of

---

[8] Doc. No. 48, P. 10 (citing Joseph v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

the accuracy of a statement contained in a request for admissions or a 'denial coupled with a general exception of doubtful import,' may not constitute a denial of the 'essential truth' contained therein and may thereby amount to an admission." <u>Havenfield Corp. v. H & R Clock, Inc.</u>, 67 F.R.D. 93, 98 (W.D. Mo. 1973) (quoting <u>S. Ry. v. Crosby</u>, 201 F.2d 878, 880 (4th Cir. 1953).

Defendant objected on the grounds that the Request was "overly broad and vague as 'reasonable' and 'necessary' are not defined." The Court finds that Defendant's objection was unreasonable because it is in direct contradiction of established legal authority. Further, Defendant qualifies his denial by stating that "some of the plaintiff's treatment is for residual complaints remaining from and associated with her prior health problems;" however, Defendant did not specify which healthcare evaluations identified in Request No. 1 pertained to prior health problems. Defendant's answer was not a forthright, specific, and unconditional denial. The response did not comply with Fed. R. Civ. P. 36. Ordered that the healthcare bills identified in Request No. 1 were reasonable and necessary and were incurred as a proximate result of the subject motor vehicle accident. Admitted per Fed. R. Civ. P. 36(a)(6).

<u>Request for Admission No. 6</u>

Plaintiff requests that Defendant admit the authenticity and accuracy of Exhibit M. Defendant denies the Request stating there "appear[ed] to be discrepancies in Exhibit M when compared to the medical billing received as attachments to the Requests for Admission as well as in the documents received during discovery." Plaintiff argued at oral argument that Defendant failed to comply with Fed. R. Civ. P. 36(a)(4) because Defendant's answer appears to admit some parts of Exhibit M are true and accurate while others are not. Defendant contends that in

its response, it denied the assertion and sufficiently explained the problems, errors, and inaccuracies.

Fed. R. Civ. P. 36(a)(4) states that "if a matter is not admitted, the answer must specifically deny it . . . . A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Defendant specifically listed the inaccuracies in Exhibit M. The response did not comply with Fed. R. Civ. P. 36. Ordered that Exhibit M is authentic and accurate. Admitted per Fed. R. Civ. P. 36(a)(6).

<u>Request for Admission No. 7</u>

Plaintiff requests Defendant admit that Exhibit N is a true, accurate, and authentic copy of the original West Virginia Uniform Traffic Crash Report prepared in the regular course of business by a representative of the Ohio County Sheriff's Department as a result of the subject motor vehicle accident. Defendant objects stating that it had not seen or possessed the original West Virginia Uniform Traffic Crash Report and qualifies an admission because "Exhibit N appears to be a similar copy of the West Virginia uniform traffic crash report obtained in discovery." Plaintiff argues that Defendant ordered a copy of the report from the Ohio County Sheriff's Department, paid for the report, and produced it to Plaintiff during discovery; however, Defendant merely offers that the report appears to be similar. Defendant contends that it clearly admitted Exhibit N is a copy of the report obtained in discovery.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer

must specify the part admitted and qualify or deny the rest." "A request to admit is to be answered by its admission or denial, absent a statement that the party has made a reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). An answering party must conduct a reasonable inquiry and answer a request for admission if the information is readily obtainable, even though the answering party has no personal knowledge of the facts. Drutis v. Rand McNally & Co., 236 F.R.D. 325, 330 (E.D. Ky. 2006).

Defendant objects to the Request, stating that it was not in possession of the originals; however, it admits "to the extent that Exhibit N appears to be a similar copy of the West Virginia uniform traffic crash report obtained in discovery the defendant admits the same." The Court first notes there is no authority for objecting on the grounds that the responding party is not in possession of the originals. Through its answer, Defendant essentially is qualifying its answer by stating that it has not seen or possessed the original, but it appears to be a similar copy. However, Defendant qualified its answer improperly. Defendant does not indicate a reasonable inquiry was made into whether Exhibit N was a true, accurate, and authentic copy. The response did not comply with Fed. R. Civ. P. 36. Ordered that Exhibit N is a true, accurate and authentic copy of the original West Virginia Uniform Traffic Crash Report prepared in the regular course of business by a representative of the Ohio County Sheriff's Department as a result of the subject motor vehicle accident. Admitted per Fed. R. Civ. P. 36(a)(6).

Request for Admission No. 8

Plaintiff requests that Defendant admit it does not dispute the authenticity of non-original

14

documents either produced or collected in the course of discovery. Defendant objects asserting that the request was overly broad, specifically stating that Plaintiff did not identify the subject documents. Plaintiff argues that Defendant .

"A party may serve upon any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Fed. R. Civ. P. 36(a)(2).

Defendant's objection that the Request is overly broad is sustained. Plaintiff requests that Defendant admit the "authenticity of non original documents which have been produced to you and/or collected by you in the course of formal discovery." This Request is too broad because it does not reference any documents whatsoever but requests Defendant to admit the authenticity of all non-original documents. Objection sufficient.

<u>Request for Admission No. 9</u>

Plaintiff requests Defendant admit that as of June 9, 2009, Plaintiff's life expectancy is approximately 47.4 years. Defendant objects stating the request is "vague as plaintiff has not produced the document or evidence upon which she supports life expectancy,"and, therefore, Defendant could neither admit nor deny the Request. Plaintiff argues that Defendant violated Fed. R. Civ. P. 36(a)(4) by failing to reasonably inquire to correctly assert lack of information or knowledge. Defendant contends that it specifically indicated that it made inquiry into different

life expectancy tables and identified a range of ages from the different tables; therefore, Defendant specifically made a reasonable inquiry, identified where that inquiry was made, and specifically noted the reason why thee could not be a blanket admission to the Request.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." "A broad objection that the request 'was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." Wagner et al v. St. Paul Fire and Marine Insurance Company et al, 5:05-CV-117.[9]

Defendant objected on the grounds that the Request was "vague as plaintiff has not produced the document or evidence upon which she supports life expectancy." The Court finds that Defendant's objection was unreasonable because it is in direct contradiction of established legal authority. The response did not comply with Fed. R. Civ. P. 36. Ordered that as of June 9, 2009, Plaintiff's life expectancy is approximately 47.4 years. Admitted per Fed. R. Civ. P. 36(a)(6).

### Request for Admission No. 10

Plaintiff requests that Defendant admit that Plaintiff's motor vehicle involved in the subject motor vehicle accident was totaled as a proximate result of the crash, meaning that the cost of repairing the vehicle exceeded its fair market value. Defendant objects asserting that the Request was vague. Defendant also states that it "did not complete the property damage portion of the claim," and it is unable to admit or deny the Request because Plaintiff did not make the

---

[9] Doc. No. 48, P. 10 (citing Joseph v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

vehicle available for inspection by Motorists. Defendant admits that Plaintiff alleged in her initial interview that the vehicle was totaled. Plaintiff argues that Defendant's "vagueness" objection has no merit and completely ignores the "reasonable inquiry" requirement in Fed. R. Civ. P. 36(a)(4). Defendant contends that it "specifically pointed out that the property damage portion of the claim was not handled or evaluated by this defendant," and it, through reasonable inquiry, determined that it did not complete the property damage portion of the claim.

Fed. R. Civ. P. 36(a)(4) states "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." "A broad objection that the request 'was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." Wagner et al v. St. Paul Fire and Marine Insurance Company et al, 5:05-CV-117.[10]

Defendant objected on the grounds that the Request was "vague." The Court finds that Defendant's objection was unreasonable because Plaintiff defined "totaled" in Request No. 10 by stating "meaning that the cost of repairing the vehicle exceeded its fair market value." The response did not comply with Fed. R. Civ. P. 36. Ordered that Plaintiff's motor vehicle involved in the subject motor vehicle accident was totaled as a proximate result of the crash, meaning that the cost of repairing the vehicle exceeded its fair market value. Admitted per Fed. R. Civ. P. 36(a)(6).

### Request for Admission No. 11

Plaintiff requests that Defendant admit that Defendant's handling of Plaintiff's

---

[10] Doc. No. 48, P. 10 (citing Joseph v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).

underinsurance claim was in accordance with Defendant's general business practice respecting the handling of underinsurance claims in West Virginia during the same time frame.  Defendant objects to the Request stating that the Request called for a legal conclusion.  Additionally, Defendant, explaining that the "claim handlers are human and cannot do everything perfect every time," admitted that "it attempts to follow its guidelines and general business practices when handling underinsurance claims."  The Defendant further admitted that "it endeavored to handle [Plaintiff's] underinsurance claim appropriately."  Plaintiff contends that Defendant's objection that the Request calls for a legal conclusion is without merit because Fed. R. Civ. P. 36(a)(1)(A) allows a party to "serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either . . . ," and the Request only calls for an admission of facts.  Defendant contends that Request focuses on issues for the trier of fact to decide and Defendant admitted that it attempts to follow its guidelines and general business practices when handling underinsured claims, it endeavored to handle Plaintiff's claim appropriately, and it could have made a mistake.  Defendant further contends that the Request is broad and general; therefore, the response must be equally as broad.

Fed. R. Civ. P. 36(a)(1)(A) permits a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either . . . ."  A responding party may object to a Request; however, "a party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

Defendant's objection that the Request calls for a legal conclusion is unreasonable.  The Request is simply asking for an opinion of fact, which is permissible under Rule 36(a)(1).

Further, Defendant argues that the Request focuses "on issues that need to be ultimately resolved during the Trial of this matter."[11]  This is an impermissible argument because Rule 36(a)(5) specifically prohibits an objection based on the belief an issue is a trial issue.  Additionally, Defendant improperly qualifies its answer.  Rather than stating in detail why the Request cannot be truthfully admitted or denied, Defendant generally states that "the claims handlers are human and cannot do everything perfect every time. . . . it attempts to follow its guidelines and general business practices when handling underinsurance claims. . . . it endeavored to handle [Plaintiff's] underinsurance claim appropriately." The response did not comply with Fed. R. Civ. P. 36.  Ordered that the Defendant's handling of Plaintiff's underinsurance claim was in accordance with Defendant's general business practice respecting the handling of underinsurance claims in West Virginia during the same time frame.  Admitted per Fed. R. Civ. P. 36(a)(6).

<u>Request for Admission No. 12</u>

Plaintiff requests that Defendant admit that it believes the conduct of its claim handlers associated with Plaintiff's underinsurance claim and medical payments insurance claim conformed with Defendant's training, policies, and established practices.  Defendant objects stating that the Request called for a legal conclusion.  Additionally, Defendant, explaining that the "claim handlers are human and cannot do everything perfect every time," admitted that "it attempts to follow its guidelines and general business practices when handling underinsurance claims."  The Defendant further admitted that "it endeavored to handle [Plaintiff's] underinsurance claim appropriately."

Plaintiff contends that Defendant's objection that the Request calls for a legal conclusion

---

[11] Doc. No. 101, P. 17.

is without merit because Fed. R. Civ. P. 36(a)(1)(A) allows a party to "serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either . . . ," and the Request only calls for an admission of facts.  Defendant contends that Request focuses on issues for the trier of fact to decide and Defendant admitted that it attempts to follow its guidelines and general business practices when handling underinsured claims, it endeavored to handle Plaintiff's claim appropriately, and it could have made a mistake.  Defendant further contends that the Request is broad and general; therefore, the response must be equally as broad.

Fed. R. Civ. P. 36(a)(1)(A) permits a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either . . . ."  A responding party may object to a Request; however, "a party must not object solely on the ground that the request presents a genuine issue for trial."  Fed. R. Civ. P. 36(a)(5).

Defendant's objection that the Request calls for a legal conclusion is unreasonable.  The Request is simply asking for an opinion of fact, which is permissible under Rule 36(a)(1).  Further, Defendant argues that the Request focuses "on issues that need to be ultimately resolved during the Trial of this matter."[12]  This is an impermissible argument because Rule 36(a)(5) specifically prohibits an objection based on the belief an issue is a trial issue.  Additionally, Defendant improperly qualifies its answer.  Rather than stating in detail why the Request cannot be truthfully admitted or denied, Defendant generally states that "the claims handlers are human and cannot do everything perfect every time. . . . it attempts to follow its guidelines and general business practices when handling underinsurance claims. . . . it endeavored to handle [Plaintiff's]

---

[12] Doc. No. 101, P. 17.

underinsurance claim appropriately." The response did not comply with Fed. R. Civ. P. 36.

Ordered that Defendant believes the conduct of its claim handlers associated with Plaintiff's

underinsurance claim and medical payments insurance claim conformed with Defendant's

training, policies and established practices.  Admitted per Fed. R. Civ. P. 36(a)(6).

Interrogatory No. 2b

Plaintiff asks:

**INTERROGATORY NO. 2:**         To the extent that you contend that you lack

knowledge or information sufficient to either admit or deny all or part of any request:

b.         identify the information you would contend you need in order to either admit or

deny request.

**ANSWER:**    b.         Please see answers to the individual Requests for

Admissions set forth above as the specific information

lacking or needed in regards to each individual Request.

"[I]nterrogatories must be sufficiently definite, clear, and concise, and they must

adequately advise the interrogated party of the information requested."  Capacchione v.

Charlotte-Mecklenburg Bd. of Educ., 182 F.R.D. 486, 491 (W.D.N.C. 1998) (citing Babcock

Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43, 45 (S.D. Ohio 1989)).  "An interrogatory is definite

'so long as it is clear what it is the interrogated party is called on to answer.'"  Id. (quoting

Struthers Scientific & Int'l Corp. v. Gen. Foods Corp., 45 F.R.D. 375, 379 (S.D. Tex 1968)).

Answers to interrogatories should be in such form that they may be used at a trial.  See J.J.

Delaney Carpet Co.v. Forrest Mill, Inc., 34 F.R.D. 152, 153 (S.D.N.Y. 1963) (holding that

incorporation by reference of portions of a deposition of a witness or of allegation of a pleading

is not a responsive answer). "[A party] cannot escape responsibility of providing direct, complete and honest answers to interrogatories with the caviler assertion that required information can be found in this massive amount of material. Rather [a party] must state specifically and identify precisely which documents will provide the desired information." Martin v. Easton Pub. Co., 85 F.R.D. 312, 315 (E.D. Pa. 1980). Furthermore, ". . . [T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case. Documents and testimony are not infrequently subject to varying interpretations and therefore simply referring defendant to whatever it might find therein does not comply with the court's order . . ." Life Music, Inc. v. Broad. Music, Inc., 41 F.R.D. 16, 26 (S.D.N.Y. 1966).

In its answer to Interrogatory No. 2(b), Defendant simply directed Plaintiff to the individual Requests for Admissions. This answer was insufficient. To comply with Rule 33, Defendant needed to first list the Requests for Admissions for which it lacked knowledge or information sufficient to either admit or deny the Request and second list the information needed to admit or deny the Request. A blanket reference does not comply with Rule 33 case law. Because trial is imminent, Defendant is ordered to respond to this Interrogatory by setting forth each Request for Admission it lacked knowledge or information sufficient to either admit or deny all or part of the Request and identifying the information needed to sufficiently answer on or before Monday, October 19, 2009.

<u>Duty to Confer</u>

Defendant argues that Plaintiff failed to comply with Fed. R. Civ. P. 37 by failing to meet and confer in good faith prior to filing this Motion. Specifically, Defendant argues that "a single

22

letter and one phone call strategically planned while defense counsel was out of town is insufficient to claim a party exercised a good faith effort to confer prior to filing a Motion."[13] Counsel for Defendant claims that he spoke with Plaintiff's counsel numerous times during the weeks of July 6-10, July 13-17, and July 20-24 regarding discovery matters. Defendant claims that during the conversations, Plaintiff's counsel never mentioned any insufficiencies in regards to discovery responses. Defendant continues alleging that counsel for both parties agreed to extend discovery for four depositions on July 27; again, there was no mention of the insufficiency of discovery responses. Defendant further alleges that Plaintiff's counsel "strategically" waited until Defendant's counsel was out of town, of which Plaintiff's counsel was informed, and then asserted for the first time that there was a deficiency in the answers to discovery.

Fed. R. Civ. P. 37(a)(1) states that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The motion to compel must include a certification stating that the movant has taken such good faith efforts. In Shuffle Master, Inc. v. Bally's Grand, Inc., 170 F.R.D. 166 (D. Nev. 1996), the District of Nevada interpreted the good faith efforts requirement, under the Federal Rules, to require "a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position." Furthermore, this District's Local Rules elaborate on the requirements of Rule 37 and state that "counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest

---

[13] Doc. No. 101, P. 4.

possible extent." L. R. Civ. P. 26.04(b). The failure to follow this requirement is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat &Bunz Corp., 2000 U.S. Dist. LEXIS 241 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n.13 (D. Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."). In Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 197 (N.D. W.V. 2000), our district court held that a letter to opposing counsel detailing the inadequacy of responses was a sufficient good faith effort.

This Court finds that Plaintiff met Rule 37 and the duty to confer. Plaintiff's counsel sent a letter to counsel for Defendant dated Wednesday, July 29, 2009, which stated that the letter was "plaintiff's effort pursuant to [Rule 37] and Local Rule of Civil Procedure 37.02 to resolve a dispute over Motorists' 'Answers to Plaintiff's Request for Admission and Associated Interrogatories Directed to Defendant,'"[14] set a deadline for response, and specifically detailed the insufficiencies of the responses to Requests for Admission. Using a totality of circumstances test, this Court found, and was affirmed by the District Court, that a letter similar to the one sent by Plaintiff's counsel met the good faith requirement under both the Federal Rules and Local Rules of Civil Procedure. Kidwiler, 192 F.R.D. at 197. Unlike the case at bar, in Kidwiler, plaintiff counsel's letter was "plaintiff's only attempt to resolve the discovery dispute without court action." Id. However, in the case at bar, Plaintiff's counsel followed the letter with a telephone call on Friday, July 31.

---

[14] Doc. No. 97, Ex. B.

Counsel for Defendant alleges that Plaintiff's counsel "did strategically wait until Friday, when he was confident defense counsel would be out of town" to call and "strategically did not even mention the purpose of his phone call." However, the letter was telefaxed on Wednesday. Plaintiff's counsel was informed that counsel for Defendant would be out of town; however, the record does not show a Plaintiff's counsel was told a certain date - only that Mr. Buck would be out of town the end of the week beginning July 27.[15] Moreover, Defendant has two defense attorneys - Mr. Buck and Mr. Pockl. There is no reason given as to why Mr. Pockl could not respond to Plaintiff's letter. Counsel for Plaintiff met Rule 37 and the duty to confer.

D.    Decision

Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admission are addressed in chronological order. Plaintiff's Motion to Compel Answers to Interrogatories is **GRANTED**. More specifically, Plaintiff's Motion is **GRANTED** as to Interrogatory No. 2b.

Filing of objections does not stay this Order. Because trial is imminent, any party may, by Monday, October 19, 2009, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

---

[15] Doc. No. 101, Ex. A.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear

*pro se* and any counsel of record, as applicable.

DATED: October 14, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE