IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANNON M. TUSTIN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Civil Action: 5:08-CV-111
　　　　　　　　　　　　　　　　　　　　　　　　　　　(Senior Judge Stamp)
MOTORISTS MUTUAL INSURANCE
COMPANY,

    Defendant.

**<u>MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF REASONABLE
EXPENSES AND SANCTIONS</u>**

On January 15, 2009 came the above named Plaintiff, by Anthony I. Werner and Lester C. Hess, Jr. and the above named Defendant, by Jason P. Pockl and Thomas E. Buck for an evidentiary hearing and argument on Plaintiff Shannon M. Tustin's Motion to Compel.[1] Testimony was not taken, and no other evidence was introduced. By Order of the Court, on January 23, 2009, Plaintiff's motion was granted in part and denied in part. On March 20, 2009 came the above named Plaintiff, by Anthony I. Werner and Lester C. Hess, Jr. and the above named Defendant, by Thomas E. Buck for Defendant's Opportunity to be Heard on the issue of reasonable expenses and sanctions.

## I. INTRODUCTION

A.    <u>Background</u>

Motorists Mutual Insurance Company, (hereinafter "Motorists"), issued to Plaintiff a motor vehicle insurance policy which provided underinsured motorist coverage in the amount of

---

[1] Doc. No. 31

$100,000 per person, $300,000 per accident. This policy was in full force and effect on July 11, 2006. On or about that day, a collision occurred involving a motor vehicle owned and operated by Terry L. Williamson and a motor vehicle owned and operated by Plaintiff. Plaintiff alleges that the collision is solely the fault of Mr. Williamson. Mr. Williamson was insured by Nationwide Mutual Insurance Company at the time of the collision. Nationwide acknowledged that Mr. Williamson was liable for causing the collision and offered its policy limits of $50,000. Motorists also confirmed that Mr. Williamson was solely responsible for the collision. Plaintiff alleges her claim associated with the collision exceeds $150,000 in monetary value. Plaintiff believes she is entitled to be paid $100,000 underinsured motorist bodily injury coverage applicable to Motorists' policy. Motorists rejected this demand and offered $20,000 to settle the underinsurance claim. In May 2008, Plaintiff filed suit in the Circuit Court of Ohio County alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and unfair claim settlement practices. The case was removed to this Court under the Court's diversity jurisdiction. Defendant responded with its Answer.

The parties engaged in discovery and a dispute arose.

B.  The Motion

Plaintiff's Motion to Compel[2]

C.  Decision

Plaintiff is **GRANTED** reasonable expenses and sanctions as hereinafter set forth.

## II. FACTS

1.  On August 28, 2008, Plaintiff served its Discovery Requests upon the

---

[2] Doc. No. 31

Defendant.

2.      On October 21, 2008, Judge Stamp entered an Agreed Order of Stipulation allowing Motorists until October 29, 2008 to respond to Plaintiff's Discovery Requests.[3]

3.      Defendant hand-delivered to Plaintiff on October 30, 2008 its Answers and Responses to Plaintiff's Discovery Requests.

4.      Counsel conferred by telephone in November regarding Plaintiff's perceived deficiencies in Defendant's responses.

5.      On December 2, 2008, Judge Stamp entered an Agreed Order of Stipulation giving Plaintiff until December 29, 2008 to file a motion to compel answers and responses to her interrogatories and requests for production of documents and giving Motorists until December 19, 2009 to file supplemental answers and responses to Plaintiff's interrogatories and requests for production of documents.[4]

6.      On December 18, 2008, Defendant served Plaintiff with Defendant's First Supplemental Answers and Responses to Plaintiff's Discovery Requests.

7.      Thereafter, counsel conferred again by telephone regarding Plaintiff's contention that the supplemental answers and responses were still incomplete.

8.      Pursuant to the Scheduling Order, the deadline for completion of discovery in this action is August 3, 2009.[5]

9.      Plaintiff filed her Motion to Compel on December 29, 2008.

---

[3] Doc. No. 24

[4] Doc. No. 28

[5] Doc. No. 18

10. Plaintiff's attorney filed an affidavit of attorney fees on February 2, 2009.[6]

### III. OPPORTUNITY TO BE HEARD

A. Contentions of the Parties

Defendant argues against the imposition of fees and expenses against it. Specifically, Defendant cited two cases and argued that the first, Southern States Rack and Furniture, Inc. v. Sherwin-Williams, 318 F.3d 592 (4th Cir. 2003) stood for the proposition that the factors to be considered are whether the defendant acted in bad faith, the amount of prejudice, if any, caused to the plaintiff, the need to deter the particular type of noncompliance and whether less drastic sanctions would be effective. The second case cited by Defendant is Wilson v. Volkswagon of America, 562 F.2d 494 (4th Cir. 1997). Defendant argues that this case says that sanctions are not appropriate when it has been established that failure to comply has been due to inability of the noncomplying party. Defendant states that none of the four factors outlined in the Southern States case have been met here and that sanctions are not appropriate here under Wilson.

Defendant maintains, as it has throughout this case, that it has responded to discovery and timely supplemented its responses throughout. Defendant contends that it simply needed more time to produce certain requested documents and it had always intended on supplementing. Defendant claims it has demonstrated a very good response history.

Defendant next argues that there has been no prejudice to the Plaintiff here because no deadlines have passed and Plaintiff has had plenty of time to work with the documents in this case.

Plaintiff's position is that the issue of good faith has already been addressed by this

---

[6] Doc. No. 43

Court.  Plaintiff argues that this Court's January 23, 2009 Order found that Defendant's responses were either not responsive or there were no answers at all.  Plaintiff also argues that Defendant is misstating the applicable law regarding Rule 37 sanctions and fees.  Specifically, Plaintiff argues that under Fourth Circuit law, a District Court need not find that a party acted in bad faith before awarding sanctions and fees.  Rather, a District Court must "consider" whether the party acted in bad faith.  Where a District Court determines that there was no bad faith, that determination will be reflected in a less severe sanction.  Plaintiff contends that Defendant has acted in bad faith and this bad faith has led to Plaintiff being prejudiced.

     Plaintiff argued the issue of bad faith specifically and in detail.  Plaintiff maintained that Defendant continually failed to provide an insurance policy that covered claims against Defendant.  Plaintiff further maintains that Defendant refused for four months to admit the truth about whether they had coverage.  Plaintiff next addressed Request for Production of Documents Nos. 9 and 10 in which Plaintiff requested any complaints or grievances.  Defendant failed to respond for four months and then produced a nine-page document which identified some claims against Defendant.  Plaintiff then referred the Court to its request for organizational charts.  Plaintiff asked for these charts in its initial discovery in August of 2008.  Defendant produced no organizational chart(s) even after the motion to compel was filed.  The organizational charts were finally produced, subsequent to this Court's Order, on February 4, 2009.  Plaintiff avers that the organizational charts existed all along and this was another example of Defendant's attempts to stonewall.  Plaintiff next pointed out the difficulty she had in obtaining the names of the individuals who handled this claim.  Initially, Plaintiff was told that three people handled the claim.  Later, Defendant informed Plaintiff that nearly three times that many had worked on the

claim. Plaintiff further pointed out, as evidence of bad faith on the part of the Defendant, that Defendant failed to verify discovery. No discovery was verified by a representative of Defendant until February, 2009, roughly five months after interrogatories were filed. Plaintiff also argued that Defendant's failure to meet and confer to resolve discovery is evidence of bad faith on the part of the Defendant. Plaintiff next referred the Court to Request for Production No. 4, which was a request for a claims manuals. One claims manual was finally produced by Defendant four months after the interrogatories were filed. Defendant had not produced a claims manual from 2003 as of the date of this hearing. Plaintiff next argued that Defendant failed to properly respond to this Court's January 23, 2009 Order to produce the entire claim file. Plaintiff does not argue that Defendant produced no material in response to the Order, but rather that Defendant failed to produce all of the log notes. Finally, Plaintiff argued that the Defendant's privilege log was not timely filed, nor did it comply with the Local and Federal Rules of Civil Procedure.

B.  Discussion

Fed. R. Civ. P. 37(a)(4)(A) addresses the remedies available when a party successfully brings a motion to compel the production of discovery. The Rule states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery, without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

A court is required to award reasonable expenses, including attorney's fees, against the party

being required to produce discovery unless that party can demonstrate that it was "substantially justified" in withholding the requested information. See Rickles v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994) (stating that Rule 34(a)(4) is a "fee shifting rule. The winner is entitled to fees unless the opponent establishes that his position was 'substantially justified'"); Cannon v. Cherry Hill Toyota, Inc., 190 F.R.D. 147, 157 (D. N.J. 1997) (holding "Rule 37(a)(4) grants the Court authority to impose sanctions against a party who is compelled to make disclosures as a result of the motion"). When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified. Rickles, 33 F.3d at 787.

The Supreme Court, in interpreting the meaning of "substantially justified" in connection with the Equal Access to Justice Act, found the phrase to mean "'justified in substance or in the main' - - that is, justified to a degree that could satisfy a reasonable person." 487 U.S. 552, 566 (1988). An individual's conduct is found to be "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Id. at 565; see also Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.").

Fed. R. Civ. P. 37(b) allows courts to impose sanctions on a party and the party's attorney for disobeying a court order. District Courts "enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996).

7

Failure to comply with a discovery order can result in the immediate imposition of sanctions. Rule 37(b)(2)(A) states, in part, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 37(a), the court where the action is pending may issue further such orders." Rule 37(b)(2)(C) allows this Court to issue an order that "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

A trial court has broad discretion in applying sanctions under Rule 37. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976). The sanctions enumerated in Rule 37 are flexible and "may be applied in many or varied forms as the court desires by exercising broad discretion in light of the facts of each case." Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981). Sanctions are not appropriate "when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of hte non-complying party." Wilson v. Volkswagon of Am., 561 F.2d 494, 503 (4th Cir. 1997). In addition, Counsel are not immune from being sanctioned. The court has the inherent authority to sanction a litigant for the destruction of relevant and potentially discoverable documents. Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 556 (N.D. Cal. 1987); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)(discussing a court's inherent power to impose sanctions on attorneys who fail to comply with discovery orders); In re Prudential Ins. Co. of Am. Sales Practices Litig., 169 F.R.D. 598, 614 (D.N.J. 1997)(stating that the court possesses the inherent authority to punish those who abuse the judicial process), rev'd on other grounds, 133 F.3d 225 (3d Cir. 1998). "The district court may use as many and as varied

8

sanctions as are necessary to hold the scales of justice even." 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284 at 612-13 (1994).

The Fourth Circuit has determined that the following four factors must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

Because Plaintiff prevailed on her motion to compel, and the motion was granted in part and denied in part, it is within the Court's discretion to impose reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Further it is just, not unjust to award expenses. Fed. R. Civ. P. 37(b)(2)(C). In addition, Plaintiff has met the standard for imposing sanctions in this case because Defendant's failure to comply with the Court order was not substantially justified. Fed. R. Civ. P. 37(b)(2)(A). Plaintiff served her Interrogatories and Requests for Production of Documents upon Defendant on August 28, 2008. After Judge Stamp entered an Agreed Order of Stipulation, Defendant had until October 29, 2008, to respond to Plaintiff's discovery requests. Defendant's responses were hand-delivered on October 30, 2008, one day late. The responses were deficient. On December 2, 2008, Judge Stamp entered an Agreed Order of Stipulation giving Plaintiff until December 29, 2008 to file a motion to compel. Defendant was given until December 19, 2008 to file supplemental responses. Defendant submitted deficient responses to Plaintiff on December 18, 2008. Plaintiff, on the last allowable date, and after having waited more than two months to

9

receive sufficient responses to her discovery requests, filed her motion to compel on December 29, 2008.

Thereafter, by Order dated January 23, 2009, this Court gave Defendant yet another opportunity to respond to Plaintiff's requests in accordance with the appropriate rules of civil procedure. Defendant was given until February 3, 2009, to supplement its responses.

The Court was more than fair with Defendant in imposing this deadline. The February 3, 2009 deadline was nearly four months after the initial deadline for Defendant to respond to Plaintiff's requests. Still, Defendant, either through its own fault or that of its attorney, failed to respond in accordance with the rules of civil procedure. Defendant produced certain material in response to the Court Order. However, Defendant failed to produce the required documents and failed to do so in accordance with the deadline imposed in the Order.

Plaintiff has met its burden under the four part test for sanctions by demonstrating that 1) these Defendants acted in bad faith, 2) this non-compliance caused Plaintiff prejudice, 3) there is a need for deterrence of this type of non-compliance, and 4) less drastic sanctions may not be effective. Southern States Rack & Fixture, Inc., 318 F.3d, at 597.

Plaintiff has demonstrated bad faith on the part of Defendant by showing that the Defendant has failed to comply with the Court's Order of January 23, 2009, compelling them to respond to discovery.[7] The reason for delay, given by Defendant's attorney both to Plaintiff and this Court, was and continues to be that Defendant simply needed more time to produce the documents because so many were requested. The Court notes, however, that Defendant was served with Plaintiff's Interrogatories and Requests for Production on August 28, 2008. The

---

[7] Doc. No. 38

Court believes that Defendant had ample time to locate and produce any and all documents at issue in this case.  The Court is uncertain whether Defendant or defense counsel is to blame for the stonewalling that has occurred in this case, but the fact remains that one or both has attempted to shun responsibility for these documents throughout this litigation.

Furthermore, Defendant objected generally to Plaintiff's Interrogatories in direct violation of the Federal Rules of Civil Procedure.  Also, Defendant's privilege log was not timely filed, and it did not comply with the Federal or Local Rules of Civil Procedure.

Plaintiff meets the second factor of the test because she has demonstrated that the failure to comply with discovery has caused her prejudice.  Had Defendant been forthcoming at the outset, and responded to Plaintiff's simple discovery requests, or had it complied with this Court's Order,  Plaintiff would have been spared the burden and expense of having to file a motion to compel.  Further, and more importantly, Plaintiff has been unable to complete discovery because of Defendant's actions.

Plaintiff has also demonstrated the third factor: the need for deterrence of this type of noncompliance.  These defendants have shown an unwillingness to comply with basic discovery requests.  This type of behavior places an undue burden on the opposing party as well as the Court.  Furthermore, at the hearing, Defendant cited to its repeated attempts at compliance and its continued supplemental responses.  Defendant's argument is without merit.  Defendant failed to comply with the Order of this Court as well as the Federal and Local Rules of Civil Procedure.  Rules and deadlines are made to be followed.  This Court cannot allow this, or any, Defendant to skirt court orders and discovery rules based solely on the Defendant's assertion that it will eventually produce documents or that it needs more time.  If litigants are able to continually fail

to produce evidence, even negligently, with impunity, what is the purpose of the rule of law and courthouses in general? It is important that others contemplating this type of tactic understand that it is an unacceptable practice to continually fail to produce documents through discovery, and especially in response to a court order. By issuing sanctions in this case, it will serve as a deterrent to other parties contemplating the same type of behavior that has occurred throughout the discovery phase of this case.

As for the fourth factor, the Court believes that a monetary fine is the most appropriate sanction. Given Defendant's behavior to date, the Court is certain that a less drastic sanction would not have the desired effect. However, a monetary sanction is far less drastic than striking portions of an answer or entering judgment against Defendant.

C.    Decision

A monetary sanction against Defendant is necessary here because its conduct of ignoring its duty under the federal and local rules and applicable caselaw, stonewalling the submission of legitimately requested discovery and disobeying and ignoring this Court's Order, has abused the judicial process. Plaintiff seeks $9,580 in attorneys' fees billed at $200 per hour for costs and expenses.

Concerning rates charged by attorneys in calculating attorney's fees, our Court of Appeals has held that "the community in which the court sits is the appropriate starting point for selecting the proper rate." Nat'l Wildlife Found. v. Hanson, 859 F.2d 313, 317 (4th Cir. 1988). There was no proof of the prevailing rate of attorney's fees in the jurisdiction for discovery disputes. In the absence of any evidence of the prevailing rates for discovery disputes in this jurisdiction, the Court finds the above-mentioned hourly rates to be appropriate for this kind of

work in 2008-09.

Plaintiff is **GRANTED** attorney's fees.  Because of Defendant's continual failure to comply with the applicable Federal and Local Rules of Civil Procedure, Defendant, or its counsel, shall pay Plaintiff the sum of **$7,820** for reasonable expenses incurred from November 14, 2008, the date Plaintiff began preparing for her Motion to Compel.  Additionally, as a means of deterring Defendant, its counsel and future litigants of engaging in the type of behavior displayed by Defendant in this case, Defendant and its counsel of record shall pay Plaintiff the sum of **$15,640** as sanctions.  This sum is twice Plaintiff's loss of reasonable expenses and partially compensates Plaintiff for the delay in discovery completion.  Defendant and its counsel of record shall pay Plaintiff the sum of **$23,460** within thirty (30) days of the date of this Order.

Filing of objections does not stay this Order.  Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

DATED: October 22, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE