IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANNON M. TUSTIN,

    Plaintiff,

v.                                      Civil Action No. 5:08CV111
                                                            (STAMP)
MOTORISTS MUTUAL INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THE COURT
DENYING THE DEFENDANT'S MOTION TO SEAL THE COURT FILE;
GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S
MOTION TO SEAL SPECIFIC DOCUMENTS IN THE FILE;
DENYING THE DEFENDANT'S MOTION TO VACATE THE
OCTOBER 14, 2009 ORDER OF MAGISTRATE JUDGE SEIBERT AND
OVERRULING THE DEFENDANT'S OBJECTION TO THAT ORDER AS MOOT
AND DENYING THE DEFENDANT'S MOTION TO VACATE THE
OCTOBER 22, 2009 ORDER OF MAGISTRATE JUDGE SEIBERT AND
OVERRULING THE DEFENDANT'S OBJECTION TO THAT ORDER AS MOOT**

I.  Facts and Procedural History

    The plaintiff, Shannon Tustin, filed the above-styled civil action in the Circuit Court of Ohio County alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unfair claim settlement practices, and entitlement to punitive damages. On June 30, 2008, the defendant, Motorists Mutual Insurance Company, removed the action to this Court.

    The parties in this case reached an agreement and settled the action. Thereafter, on October 26, 2009, the defendant filed a motion to seal the court file. On October 27, 2009, the defendant filed a motion to vacate the October 22, 2009 order of Magistrate Judge James E. Seibert. On that same day, this Court held a hearing. At that hearing, this Court advised the parties that

under the law of the United States Court of Appeals for the Fourth Circuit, the public should be given notice of a hearing to seal before this Court rules on the motion. Notice was given to the public in an order, which this Court posted on the docket. In addition, this Court's calendar, which included the public hearing, was posted on the Clerk of Court's bulletin board. On October 30, 2009, this Court rescheduled the motions hearing to November 5, 2009 at 1:15 p.m. The public was notified of this change through an order posted on the docket and on this Court's calendar. At the October 27, 2009 hearing, counsel for the defendant was advised to prepare, in the alternative to its motion to seal, a list of specific documents that should be sealed and the reason why that document should be sealed. On October 28, 2009, the defendant filed a motion to vacate the October 14, 2009 order of Magistrate Judge Seibert. On November 2, 2009, the defendant filed a memorandum in support of sealing the court file, which this Court construes as a motion to seal the entire court file, or in the alternative, to seal certain documents in the court file.

On November 5, 2009 at 1:15 p.m., this Court held a motion hearing on sealing the court file in this case. At this hearing, this Court ruled on several motions pending before this Court. The Court denied the defendant's motion to seal the entire court file; granted in part and denied in part the defendant's motion to seal certain documents in the court file; denied the defendant's motions to vacate the October 14, 2009 and October 22, 2009 orders of

Magistrate Judge Seibert and overruled the defendant's objections to these orders as moot.

## II. Applicable Law

A. Sealing Court Documents

Before a district court decides to seal documents, it must first determine whether the interest to access the documents arises from the common law or the First Amendment. Under the common law, there is a presumption of access accorded to judicial records. Rushford v. New Yorker Magazine, 846 F.2d 249, 253 (4th Cir. 1988). This presumption can be rebutted if "countervailing interests heavily outweigh the public interest in access." Id. The district court may weigh "the interests advanced by the parties in light of the public interests and the duty of the courts." Nixon v. Warner Communications, Inc., 435 U.S. 589, 602 (1978). In order to overcome the presumption, the party seeking to seal must show "some significant interest that outweighs the presumptions." Rushford, 846 F.2d at 253. The factors this Court should weigh include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).

Under the First Amendment, denial of access must result from a compelling government interest and the denial must be narrowly

tailored to serve that interest. Id. In the Fourth Circuit, the more rigorous First Amendment standard applies to documents filed in connection with a summary judgment motion in a civil case. Id. Once documents are made part of a dispositive motion, they "lose their status of being 'raw fruits of discovery.'" Id. at 252 (citing In re "Agent Orange" Product Liability Litigation, 98 F.R.D. 539, 544–45 (E.D.N.Y. 1983)).

Finally, when sealing a document, a district court must provide a clear statement, supported by specific findings, of its reasons for sealing, as well as reasons for rejecting less drastic measures. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988).

B.  Rule 60(b)

As a preliminary matter, this Court notes that the defendant likens its motions to vacate Magistrate Judge Seibert's orders to motions filed pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). Rule 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

4

Fed. R. Civ. P. 60(b).

The defendant has identified Rule 60(b)(4), (5), and (6) as authority for its request. Unlike the other sections of Rule 60(b), subsection (4) does not involve the use of the courts discretion. Wright and Miller, <u>Federal Practice and Procedure</u> § 2862. A judgment is either void or valid, and a judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Id.</u>

Subsection (5) of Rule 60(b) permits relief where the "judgment has been satisfied, or released or discharged." Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 <u>Moore's Federal Practice -- Civil</u> § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847 (1988); <u>Pierce v. United Mine Workers Welfare and Retirement Fund</u>, 770 F.2d 449 (6th Cir. 1985).

### III. <u>Discussion</u>

A. <u>Defendant's Motion to Seal the File</u>

Before a district court can rule on the substance of a motion to seal documents, the Fourth Circuit has stated that it must follow a set of procedural requirements. <u>In re Knight</u>, 743 F.2d at

235. First, a court must give notice of the request to seal to the public. Second, it must docket it reasonably in advance of deciding the issue or provide interested parties an opportunity to reject. Third, and finally, the court must consider less drastic alternatives to sealing. Stone, 855 F.2d at 181.

Here, this Court alerted the public to the motion hearing by placing the order giving notice on the docket the week before the hearing. In addition, on October 30, 2009, this Court's calendar was posted on a bulletin board outside of the Clerk of Court's office, showing the motion hearing. In a case such as this, where the defendant has filed a motion to seal the entire file, the Fourth Circuit has discouraged the breadth of such an extraordinary request. "It would be an unusual case in which alternatives could not be used to preserve public access to at least a portion of the record." Id. at 182.

Here, defendant Motorists Mutual Insurance Company has failed to meet its heavy burden. The defendant has provided no evidence that the records are filed and are made public for any improper purposes—there is no public scandal or any unfair gaining of business advantage. Additionally, there is no evidence one way or the other as to public understanding of an important historical event. Finally, the public already has access to the information included in many of the records, such as the defendant's articles of incorporation. Under the First Amendment standard, which applies to the documents filed in connection with summary judgment

motions, the defendant has not shown a compelling governmental interest, nor does the defendant even attempt to show how the interest is narrowly tailored to serve that government interest.

Further, this Court notes that the defendant has not made an adequate showing that refusing to seal the file will be an impediment to settling cases like this in the future. Because the defendant has not provided sufficient evidence for this Court to seal the entire record, this Court must deny the motion but will consider less drastic alternatives.

B.  <u>Defendant's Motion to Seal Certain Documents</u>

The defendant, in alternative to sealing the entire file, has asked this Court to seal individual documents. At the hearing, this Court went over the forty-two documents on the docket that the defendant requested this Court to seal.[1] Out of the forty-two documents, this Court will seal one document requested by the defendant.

The defendant states that records in this case may be sought for improper purposes and cites <u>Foltz v. State Farm Mutual Automobile Ins. Co.</u>, 331 F.3d 1122 (9th Cir. 2003). In that case,

---

[1] The defendant asked this Court to seal the following documents from the court file: Initiating Documents, docket numbers 1, 2, 3, 6, 7, 8, 9, 10, 12, 13, 14, and 30; Motion to Compel and Related Documents and Defendant's Motion for Protective Order and Related Records, docket numbers 31, 32, 33, 34, 38, 42, 45, 47, 48, 51, 54, 63, 64, 70, and 254; Defendant's Verifications, docket number 60; Plaintiff's Motion Regarding Requests for Admission and Related Records, docket numbers 97, 101, 102, 110, and 194; Summary Judgment Records, docket numbers 105, 106, 107, 108, 116, 117, 118, 124, and 125.

the court stated that the "disclosure might harm State Farm by exposing it to additional liability and litigation, but a litigant is not entitled to the court's protection from that kind of harm." Id. at 1137. This Court agrees with Foltz, that a "litigant who might be embarrassed, incriminated or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection. Id. In addition, the defendant has not shown that any further action asserting insurance bad faith will, by necessity, assert wasteful and baseless claims. This is only speculation, at best, on the part of the defendant.

After reviewing each of the documents with the parties in this case at the hearing on November 5, 2009, this Court finds that only one document, docket number 118, should be sealed under Fourth Circuit standards. That document, an exhibit to the plaintiff's response in opposition to the defendant's motion for summary judgment, contains six Insurance Commissioner complaints and eight Notice of Claim documents of other customers. The document was filed under seal by the plaintiff and this Court will allow it to stay under seal. It is the only document where there is a possibility that another customer of the defendant or other third parties would necessarily be harmed by not sealing the file.

There is no reason to seal documents from the claims manual. These documents were disclosed during discovery and are a part of discovery in most, if not all, insurance bad faith cases. Also, at no time did the defendant file a log to assert any privilege.

Additionally, many of the documents, such as the police report of the accident giving rise to this civil action, are already subject to public access.

Documents such as the notice of removal, complaint and answers contain nothing sensitive or subject to sealing or redaction. The defendant's requests that several discovery pleadings and exhibits be sealed is denied because these documents are typical of standard discovery requests and do not warrant sealing or redaction as there is no sensitive information in the material. As to the documents containing verification of officers, this Court cannot say that the documents should be sealed or redacted because the documents do no more than state that the individuals listed are "credible persons." Likewise, when reviewing the documents with the parties, this Court denied the defendant's request as to sealing summary judgment records and the plaintiff's motion regarding requests for admission and related records. As mentioned above, the defendant met its heavy burden with regard to only one document, which had at least the potential to prejudice other third parties if disclosed.

Finally, the defendant asks this Court to redact the parties' names from the caption in all pleadings. This request probably violates the E-Government Act of 2002 and Local Rule of General Procedure 5.08, which calls for redaction of a limited number of identifiers, such as social security numbers and names of minor children. Entire party names in this civil action are not covered

by that rule. Therefore, this Court will not redact the party names from the caption.

C. Defendant's Motions to Vacate the Orders of Magistrate Judge Seibert

As grounds for vacatur of Magistrate Judge Seibert's orders, the defendant cites the settlement agreement reached by the parties in which they agreed as a condition of the settlement to include the costs, fees and sanctions as a part of the settlement in an effort to abide by Magistrate Judge Seibert's order. The defendant argues that under Rule 60(b)(5), the orders should be vacated as the relief has been satisfied. However, case law clearly establishes that settlement of a dispute does not warrant vacatur under Rule 60(b). The Supreme Court has stated that, in determining whether to grant the "extraordinary" relief of vacatur, the court's "principal" consideration is "whether the party seeking relief from the judgment caused the mootness by voluntary action." U.S. Bancorp Mtge. Co. v. Bonner Mall Partnership, 513 U.S. 18, 24 (1994). The Fourth Circuit has stated that "where mootness occurs because of settlement, 'the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur,' at least absent 'exceptional circumstances.'" Valero Terrestrial Corp. v. Paige, 211 F.3d 112 (4th Cir. 2000) (citing U.S. Bancorp, 513 U.S. at 29) (internal citations omitted).

The mere fact that a settlement is conditioned on vacatur falls "far short of overcoming the general presumption against vacatur." Neumann v. Prudential Ins. Co. of America, 398 F. Supp. 2d 489, 492 (E.D. Va. 2005). The Supreme Court stated that "exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur—which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations [against post-judgment vacatur]." U.S. Bancorp, 513 U.S. at 29.[2]

To the extent that the defendant uses Rule 60(b)(4) to say that the judgment is void, it is incorrect. Magistrate Judge Seibert did not lack jurisdiction of the subject matter, or of the parties, nor did he act in a manner inconsistent with due process of law.

Similarly, a party's desire to avoid the potential legal precedent set by an order does not qualify for Rule 60(b)(6) relief. Neumann, 398 F. Supp. 2d at 493. To the extent that it might serve as persuasive legal authority in this or any other court, such result would fall far short of the necessary exceptional circumstances for justifying vacatur.

Based upon the foregoing, this Court finds that the parties have presented no valid basis for vacating Magistrate Judge

---

[2]As a matter of fact, the parties agreed at the hearing that their settlement is going forward no matter what ruling is made by this Court.

Seibert's orders.  Accordingly, the two motions to vacate are denied.

IV. Conclusion

For the reasons stated above, the defendant's motion to seal the entire court file is DENIED; the defendant's motion to seal certain documents in the court file is GRANTED IN PART and DENIED IN PART.  The defendant's motion to vacate the October 14, 2009 order of Magistrate Judge Seibert is DENIED and the defendant's objection to that order is overruled as moot.  The defendant's motion to vacate the October 22, 2009 order of Magistrate Judge Seibert is DENIED and the defendant's objection to that order is overruled as moot.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 10, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE